UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**PLACONTROL, INC.**   :
:
      **Plaintiff**   :
:
    v.   :      Civil Action No. 03-2572(FSH)
:
:
**U.S. DENTEK CORP, et al.**   :
:      <u>PRETRIAL SCHEDULING ORDER</u>
:
      **Defendants**   :
:

**THIS MATTER** having come before the Court for a telephone conference on the record on September 30, 2005; and the Court having considered the arguments and representations of counsel; and for the reasons set forth on the record on September 30, 2005; and for good cause shown,

    **IT IS on this 30th day of September, 2005**

    **ORDERED THAT:**

    1.  The request for a stay is denied;
    2.  The request for an extension of the fact discovery deadline is granted;
    3   No later than **October 7, 2005**, Alpine shall advise the plaintiff if it will agree to be bound by the terms of the Protective Order filed April 29, 2005;
    4.  No later than **October 13, 2005**, Plaintiff shall provide copies of discovery exchanged before Alpine entered the case; and
    5.  Plaintiff shall provide copies of Judge Hochberg's Chambers Rules and Final Pretrial Order form to the defendants

    **IT IS FURTHER ORDERED THAT:**

           I.  DISCOVERY AND MOTION PRACTICE

    1.      Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed.**

    2.      Discovery necessary to engage in meaningful settlement discussions: <u>expert reports</u>, which shall be disclosed no later than **February 3, 2006.**

     3.    The parties may serve interrogatories limited to single questions including subparts and requests for production of documents on or before **completed,** to be responded to no later than **October 13, 2005.**

     4.    The number of depositions to be taken by each side shall not exceed **.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  <u>See</u> Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions are to be completed no later than **November 30, 2005.**

     5.    Fact discovery is to remain open through **November 30, 2005**.  No further extensions will be granted.

     6.    Counsel shall confer in a good faith attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief letter outlining the dispute.  If the dispute involves an alleged deficiency in a response to a discovery request, then the parties shall submit a joint letter that sets forth: (a) the request, (b) the response; ©) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

     No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in this paragraph without prior leave of Court.

     Any unresolved discovery disputes must be brought before the Court no later than **October 27, 2005** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

     7.    All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.  Any and all dispositive motions must be filed no later than **March 10, 2006** and must be comply with Local Rule 7.1.  No pretrial dispositive motions will be entertained after that date.  Any responses shall be submitted no later than **April 7, 2006** and any replies shall be submitted no later than **April 21, 2006** without leave of Court.  The return date shall be **May 8, 2006** before the Hon. Faith S. Hochberg.  Her Honor's chambers will advise the parties if oral argument will be required.

## II.  EXPERTS

     8.    All supplemental affirmative expert reports shall be delivered by **December 30, 2005.**

     9.    All responding expert reports shall be delivered by **February 3, 2006.**

10. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. Expert depositions shall be completed no later than **February 17, 2006.**

### III. FINAL PRETRIAL CONFERENCE

11. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **June 7, 2006 at 10:00 a.m.** The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

12. Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

13. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

14. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

15. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the undersigned no later than **May 30, 2006 at 4:00 p.m..** All counsel are responsible for the timely submission of the Order.

16. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### IV. CLAIM CONSTRUCTION HEARING (PATENT CASES ONLY)

17. The following paragraphs (19 through 22) apply only to patent cases involving claim construction issues requiring a *Markman* hearing.

18. There shall be a non-adversarial preview of the substantive art at issue before Judge Hochberg on **March 13, 2006 at 11:00 a.m**. **[NOTE: The parties shall confirm the date and time with the Chambers of the Hon. Faith S. Hochberg].** The parties are to contact the Chambers of Judge Hochberg to confirm the date and time. No later than 10 days prior to that date, the parties shall provide the Court with a videotape explaining the subject matter covered by

the patent in suit.

19. The parties shall brief all claim construction issues in advance of the *Markman* hearing according to the following schedule:

Opening briefs not exceeding 25 pages must be filed simultaneously no later than **March 10, 2006.**

Opposition briefs not exceeding 10 pages must be filed simultaneously no later than **April 7, 2006.**

No reply briefs will be permitted except upon a showing of good cause.

20. The *Markman* hearing will be held before Judge Hochberg on **May 8, 2006 at 11:00 a.m**. **[NOTE: The parties shall confirm the date and time with the Chambers of the Hon. Faith S. Hochberg].** . The parties shall contact the Chambers of Judge Hochberg to confirm the date and time.

21. Any and all summary judgment motion(s) must also be briefed in accordance with the schedule set forth in paragraph 20 and shall be included in the same brief submitted in connection with the *Markman* issues (with an additional 15 pages per side for opening briefs and 5 pages per side for opposition briefs). No exceptions will be made except with the Court's prior permission upon a showing of good cause.

### V.  MISCELLANEOUS

22. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

23. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

24. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

25. There shall be a telephone status conference before the undersigned on **November 29, 2005 at 1:30 p.m.** Plaintiff shall initiate the telephone call.

26. There will be a settlement conference before the undersigned on **TO BE SET. Five (5) business days** before the conference, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial Counsel and clients in both New York and New Jersey cases with full settlement authority must attend the conference. If the trial counsel **and** clients with full settlement authority do not appear, the

settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

    27.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

    s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**