UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**PLACONTROL, INC,**                        :
: Civil Action No. 03-2572 (FSH)
**Plaintiff,**                    :
:
v.                        : **ORDER ON INFORMAL**
:           **APPLICATION**
**US DENTEK, et al.,**                      :
:
**Defendants.**                  :
_____ :

      This matter having come before the Court by way of letters dated July 21, 2006, July 24, 2006 and two letters dated July 25, 2006, regarding plaintiff Placontrol's request for reconsideration of the Order dated July 10, 2006 and entered on July 11, 2006;[1]

      and the Court having considered the Order dated July 10, 2006, the docket, and the parties' submissions;[2]

---

[1] In relevant part, the Order dated July 10, 2006 directed defendant U.S. Dentek ("Dentek") to produce documents showing that it notified the plaintiff that Dr. Angela Naef would serve as an expert for both defendants Dentek and Alpine Oral Care, Inc. ("Alpine"). The Order dated July 10, 2006 went on to state that "if such [documents] are produced, then the objection to [Dr. Naef] serving as an expert for both defendants is overruled. If such documents are not produced, then the plaintiff may depose her on Dentek-related topics not provided at her deposition." In accordance with this Order, defendant Dentek produced documents that it asserts provided plaintiff with notice of its intention to also present Dr. Naef as an expert witness. Specifically, it produced: (1) Dr. Naef's export report; (2) Mr. Duffer's expert report; (3) an email from defendant Dentek's attorney, Luedeka, Neely & Graham, P.C., dated March 22, 2006 to plaintiff's attorney with Dr. Naef's expert report attached; (4) a letter dated April 20, 2006 from plaintiff's attorney to the Court requesting additional time to "depose defendants' experts;" and (5) Dr. Naef's deposition.

[2] The plaintiff asks the Court to reconsider its July 10, 2006 Order because, it argues, the Court should have excluded Dr. Naef as an expert witness for Dentek. Letter of William J. Courtney, dated July 25, 2006, at 1. The plaintiff contends that the Court said during the final pretrial conference on July 10, 2006 that it would determine whether Dr. Naef could serve as an expert for both Dentek and Alpine after Dentek had a chance to provide documents showing that

1

and a Motion for Reconsideration (a.k.a. Motion for Reargument)[3] being governed by Local Civil Rule 7.1(i);

and Local Civ. R. 7.1(i) providing for the reargument of an order if the motion for the same is filed within 10 days after entry of the disputed order;

and the docket reflecting that the Order was entered on July 11, 2006 and the motion for

---

the plaintiff was on notice that Dr. Naef would testify on Dentek's behalf. Letter of William J. Courtney, dated July 21, 2006, at 2. The plaintiff argues that the documents presented by Dentek do not show that such notice was given. Specifically, the plaintiff contends that Dr. Naef stated during her deposition that: (1) Mr. Patrick Gwen, the Texas manufacturer of one of the allegedly infringing products and Mr. Sean Moore, a principal of Alpine, paid her for her services; and (2) Mr. Gwen referred her to Alpine. Id. The plaintiff also contends that Dr. Naef addressed her expert report to Alpine, and not to Dentek. Id. at 3. Moreover, to support its position that Dentek did not provide notice that it intended to offer Dr. Naef as an expert, the Plaintiff points to the fact that Dentek cited Mr. Duffer's expert report in its motion for summary judgment, but did not cite Dr. Naef's report. Letter of William J. Courtney, dated July 25, 2006, at 1-2. The plaintiff also states that the reason Dentek is now trying to use Dr. Naef as an expert witness is that Mr. Duffer was "substantially discredited" during his deposition. Id. at 4. In addition, the plaintiff argues that it will be prejudiced if the Court allows Dentek to use Dr. Naef as an expert witness because it prepared its case and pretrial order under the belief that Mr. Duffer was Dentek's expert witness and Dr. Naef was Alpine's expert witness. Id. at 4.

Dentek argues that the plaintiff was on notice that Dr. Naef would testify on behalf of both Dentek and Alpine, and thus the plaintiff's request for reconsideration should be denied. Letter of Geoffrey D. Kressin, dated July 24, 2006, at 1. Specifically, Dentek contends that Mr. Gwen stated during his deposition that he was indemnifying both Alpine and Dentek with respect to plaintiff's infringement claims. Id. at 2. Dentek also contends that its attorney and not Alpine's was present at Dr. Naef's deposition and that it would be unusual for Dentek's attorney to appear at Dr. Naef's deposition, which took place in Texas, if her deposition did not relate to the claims against Dentek. Id. Further, Dentek contends that it does not make sense that the plaintiff would prepare its case differently, even if acting under the assumption that Dr. Naef would not be a Dentek expert witness, because Dr. Naef and Mr. Duffer are testifying about different aspects of the case. Id. at 3. Lastly, Dentek contends that the plaintiff has already questioned Dr. Naef about her report and thus it would not be prejudiced by Dentek's use of her testimony. Id.

[3]Local Civil Rule 7.1, comment 6(a); see, e.g., Hernand v. Beeler, 129 F. Supp. 2d 698, 701 (D.N.J. 2001) (noting that the terms reargument and reconsideration are used interchangeably and that Rule 7.1(i) governs both).

reconsideration was filed on July 21, 2006, which is eight days after the entry of the order (excluding weekends), and therefore the motion is timely;

and the Court noting that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also Shoenfeld Asset Mgt. v. Cendent Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Authority Trans-Hudson, 2003 WL 22001196, at * 2 (D.N.J. Aug. 18, 2003);

and the Court noting that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, see Database America v. Bellsouth Advertising & Publ'g., 825 F. Supp. 1216, 1220 (D.N.J. 1993)(citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); Carmichael v Everson, 2004 WL 1587894 (D.N.J. 2004);

and Local Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990);

and a motion for reconsideration being improper when it is used "to ask the Court to rethink what it had already thought through -- rightly or wrongly," see Ciba-Geigy Corporation v. Alza Corporation, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993); Oritani Sav. & Loan v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993);

and because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," Maldonado v. Lucca, 636 F. Supp.

621, 630 (D.N.J. 1986); Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 634 (D.N.J. 1996);

and there being no argument that there has been an intervening change in the law, that new evidence has become available or that there has been a clear error of law;

and for good cause shown

IT IS on this 31st day of July 2006,

ORDERED that the plaintiff's request to reconsider the Order dated July 10, 2006 is denied;[4] and

IT IS FURTHER ORDERED that the plaintiff's request for leave to file a formal motion for reconsideration is denied.[5]

s/ Patty Shwartz<br>
United States Magistrate Judge

---

[4] The Court thoroughly considered the plaintiff's request to bar Dentek's use of Dr. Naef as an expert. The plaintiff has presented no new law or facts that were overlooked. Dr. Naef was identified as an expert and she was deposed. The final pretrial order identified her as a witness and her report embodies the topics about which she will be permitted to testify. Thus, the fact Dentek may call her as a witness will not change the topics about which she may testify and the opinions she may offer. Because the rules limit an expert's opinions to his or her report, the plaintiff's trial strategy is not impacted by who offers the report. Moreover, plaintiff was on notice that Dentek was embracing Dr. Naef's report. First, counsel for Dentek, not Alpine, provided plaintiff with Dr. Naef's report. See E-mail from Geof Kressin to William Courtney, dated March 22, 2006. Second, only Dentek appeared to defend and defended Dr. Naef's deposition. See Deposition Transcript, dated May 12, 2006 at 64, 66, 98, 99, 103. Third, Dr. Naef's report states that she reviewed devices manufactured by both Alpine and Dentek and renders opinions about, among other things, Dentek's product. For these reasons the plaintiff cannot claim surprise by Dentek's inclusion of Dr. Naef as a witness. To eliminate any potential surprise, and to ensure plaintiff has an opportunity to fully explore any opinions that may impact Dentek, as opposed to Alpine, the Court will permit plaintiff to depose Dr. Naef about Dentek related matters. Said deposition shall be completed no later than **August 15, 2006** and shall last no longer than three hours. Plaintiff shall pay the cost of the deposition and the fees Dr. Naef may charge for her time at the deposition.

[5] The Court has considered the plaintiff's request as if it was a formal request for reconsideration under Local Civ. R. 7.1(i). Accordingly, the request is fully addressed by this Order and any further submissions on the topic, including a formal motion, are unnecessary.